Manny Starr (319778)
Manny@frontierlawcenter.com
Joseph A. Gross (332258)
Joseph@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, #1084
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
VANESSA EPHRAIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA EPHRAIM, an individual. | CASE NO. |
| Plaintiff(s), | **COMPLAINT** |
| v. | 1. Deprivation of Civil Rights – First Amendment Religious Freedom, 42 U.S.C. § 1983 |
| COUNTY OF LOS ANGELES, a government entity; and DOES 1 to 100, inclusive, | 2. Deprivation of Civil Rights Article 1 § 4 California Constitution |
| | 3. Harassment Government Code § 12940 (j)(1) |
| Defendants. | 4. Religious Discrimination Government Code §12940(a) |
| | 5. Failure to Accommodate Government Code §12940 (l)(1) |
| | 6. Violation of FEHA – Failure to Take All Reasonable Steps Necessary to Prevent Discrimination from Occurring; and |
| | 7. Intentional Infliction of Emotional Distress; |

-1-
COMPLAINT

# PARTIES

1. At all relevant times, Plaintiff VANESSA EPHRAIM ("Plaintiff") was a resident of San Bernardino County, California.

2. Defendant COUNTY OF LOS ANGELES ("CLA") is a "public agency" pursuant to California Government Code section 3501(c), and has offices in Los Angeles County, California. The County pays the wages of its employees, including Plaintiff.

3. Plaintiff does not know the true names and capacities of Does 1 to 100 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Code of Civil Procedure section 474 to allege the true names and capacities when ascertained.

4. CLA and all named, and unnamed Doe defendants are collectively referred to as "Defendants."

5. Plaintiff is informed and believes that each of the Defendants was the agent or employee of the other Defendants and acted in the scope of agency or employment.

## PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

6. On May 26, 2023, Plaintiff submitted a Complaint regarding Defendants' failure to provide them a religious exemption to the COVID-19 vaccine, based on their sincerely held religious beliefs, to the California Civil Rights Department ("CCRD"). CCRD issued an immediate right-to-sue letter on May 26, 2023.

7. While Plaintiff does not believe it was legally necessary, in an abundance of caution, Plaintiff submitted the proper government tort claim form, filled it out, and attached a demand containing the factual basis of Plaintiff's claims, to that form; on May 26, 2023, Plaintiff submitted a Government Tort claim to Defendants.

///
///
///

# FACTUAL ALLEGATIONS

8. Plaintiff began her employment with Defendants in August of 2014, filling the role of Eligibility Worker II.

9. In December of 2021, Plaintiff submitted a timely request for religious accommodation in relation to County's policy requiring all employees to receive the COVID-19 vaccination.

10. Plaintiff made clear that her objection to receiving the COVID-19 vaccine was based on several religious beliefs; the two main religious beliefs were: (1) that receiving a vaccine which had utilized fetal cells in its development was tantamount to supporting abortion, which Plaintiff does not support; and (2) God rules over his children's health, and that receiving the vaccine would essentially second-guess God's plan.

11. Plaintiff waited patiently for two months, following all the safety procedures that had been in effect without issue, while Defendants decided whether Plaintiff's religious beliefs were worth protecting.

12. In February of 2022, without any reason for doing so, provided form "clarification questions," asking flawed questions, eliciting uneducated responses, which Defendants seized on as justification for determining that Plaintiff's beliefs were not religious or sincere.

13. Defendants responded a few months after Plaintiff responded to their "clarification questions."

14. During the entirety of this process, Plaintiff was constantly reminded that her livelihood was at stake during time.

15. In March of 2022, Defendants denied Plaintiff's request for accommodation, and gave her 10 days to file for reconsideration.

16. Plaintiff filed her request for consideration shortly thereafter and reaffirmed the religious nature of her objections to County's COVID-19 vaccine policy.

17. Over the next nine months, Plaintiff was reminded, on a near-daily basis, that

her livelihood was at risk, all she had to do was forsake her sincerely held religious beliefs and incur the Mark of the Beast.

18. Defendants remained willfully ignorant of the implications of someone standing by their beliefs in the face of threats, discomfort, and fear – sincerity.

19. Plaintiff's religious beliefs were casually tossed to the side like muddied socks in January of 2023; her request for reconsideration had been denied.

20. Plaintiff was told that the stay on her execution had been lifted, there were no appeals left to be had, and she had until March 22, 2023, to get her affairs in order.

21. Plaintiff was terrified at the prospect of being unemployed in such dire times.

22. On April 4, 2023, Defendants rescinded their COVID-19 vaccine requirement.

23. Plaintiff stood by her convictions and was rewarded with a job that should have never been at risk; she kept her income but was ordered to pretend County didn't spit on her core beliefs, call her a liar, and then threaten to terminate her.

# FIRST CAUSE OF ACTION
## Deprivation of Civil Rights – 42 U.S.C. § 1983
## Violation of the Free Exercise and Establishment Clauses
## of the First Amendment

24. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

25. Defendant is a "state actor" as that term is used with respect to those entities obliged to comply with constitutional norms.

26. At all times relevant herein, Plaintiff enjoyed rights protected by the First Amendment of the United States Constitution to the "free exercise" of their religion.

27. These rights are secured against violation by state actors, including Defendants, through 42 U.S.C § 1983.

28. Defendants imposed a substantial burden on Plaintiff's religious beliefs by denying their requests for religious accommodation, and subsequently threatening

them with suspension and termination for exercising their religious beliefs not to receive the Covid-19 vaccine.

29. Defendants harassed Plaintiffs to get vaccinated.

30. Defendants acted pursuant to a vaccine mandate policy whose goal was to have as many employees vaccinated as possible.

31. Defendants' actions were intended to cause extreme mental and emotional stress and duress.

32. Defendants' actions were not the least restrictive means of accomplishing any compelling interest it may allege, including but not limited to its interest in insuring the health and safety of its employees and the public.

33. On information and belief, Defendants regarded Plaintiff's religious objections, based on the use of fetal tissue in either the testing or production of the vaccines less favorably than the religious beliefs of others, similarly situated.

34. In so doing, Defendants violated the most basic requirement of the First Amendment's Establishment Clause by preferring some religious beliefs over others, thereby violating principles of government neutrality toward religion.

35. "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." Larson v. Valente, 456 U.S. 228, 244 (1982).

36. As a proximate result of Defendant's actions, Plaintiff has suffered harm and seeks damages in an amount according to proof, together with declaratory and injunctive relief, declaring that Defendants violated their First Amendment Rights.

## SECOND CAUSE OF ACTION
### Violation of Free Exercise and Enjoyment Clause of
### California Constitution Article 1 § 4

37. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

38. Plaintiffs have a sincerely held religious belief against receiving the Covid-19 vaccine.

39. Defendants imposed a substantial burden on Plaintiff's religious beliefs by denying their requests for religious accommodation, and subsequently threatening them with suspension and termination for exercising their religious beliefs not to receive the Covid-19 vaccine.

40. Defendants harassed Plaintiff to get vaccinated.

41. Defendants' actions were intended to cause extreme mental and emotional stress and duress.

42. Defendants' actions were not the least restrictive means of accomplishing any compelling interest it may allege, including but not limited to its interest in insuring the health and safety of its employees and the public.

43. The California Constitution, Article 1 § 4, states in relevant part: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed."

44. When the California Constitution was last revised, and this language re-adopted, state law clearly provided that free exercise claims were protected by "strict scrutiny," i.e., the government has the burden to prove a sufficiently compelling interest unable to be achieved by means less restrictive of one's religion, to justify imposing a substantial burden on one's religion.

45. Whether a law is facially neutral or generally applicable is irrelevant in situations as at present where the law requires "individualized assessments."

46. On its face, the Fair Employment and Housing Act requires individualized assessment of an employee's request for religious accommodation, requiring an employer to "explore any available reasonable alternative means" of providing the accommodation. Government Code § 12940(l)(1).

///

///

47. In the present case, Defendants were required by law to engage in an individualized assessment with respect to providing religious accommodation to Plaintiffs.

48. As a proximate result of Defendant's actions, Plaintiff has suffered harm and seeks damages in an amount according to proof.

49. Plaintiffs are entitled to recover reasonable attorney fees and costs pursuant to Code of Civ. Proc. § 1021.5, and any other applicable statutory provision, since this is an action to vindicate an important right of religious freedom affecting the public interest.

### THIRD CAUSE OF ACTION
### Religious Harassment / Coercion
### Cal. Gov't Code § 12940(j)(1)

50. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

51. Under California Law, it is unlawful for an employer to "harass an employee" because of their "religious creed." (See Gov. Code §12940 subd. (j)(1)).

52. California law closely tracks Title VII, which, according to the Equal Employment Opportunity Commission, prohibits religious coercion as a form of religious harassment, explaining in its compliance manual that religious coercion occurs: "when an employer or supervisor explicitly or implicitly coerces an employee to abandon, alter, or adopt a religious practice as a condition of receiving a job benefit or privilege or avoiding an adverse employment action."

53. Defendant's actions as alleged herein were intended to pressure and coerce Plaintiff to violate their sincerely held religious beliefs and receive the Covid-19 vaccine as a condition of being able to retain their employment.

///

///

54. Defendant's actions demonstrate that it was more important to obtain 100% compliance with its vaccine mandates, than to respect the civil and constitutional rights of its employees.

55. By means of its continued threats of suspensions and terminations piled on top of a workplace facing a systemic mental health crisis, Defendants created an intolerably hostile workplace for those, like Plaintiff, whose religious beliefs precluded their receiving the Covid-19 vaccine.

56. As a direct and proximate result of Defendant's harassment, Plaintiff suffered loss of wages and benefits and mental anguish and emotional distress in an amount according to proof.

57. Plaintiff should recover reasonable attorney fees and costs (See Code Civ. Proc. § 1021; Gov. Code § 12965, subd. (b)).

## FOURTH CAUSE OF ACTION
## Religious Discrimination
## Government Code § 12940(a)

58. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

59. California Government Code § 12940 (a) provides that it is an unlawful employment practice for an employer because of a person's religion, religious creed, religious beliefs, religious practices, or religious observances, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

60. Defendants subjected Plaintiff to adverse employment actions by denying their requests for religious accommodation, and threatening them with suspension and termination, thereby creating a hostile work environment.

61. On information and belief, Defendants disfavored accommodation requests

based on a religious belief about the use of fetal cells, treating requests based on other religious beliefs more favorably.

62. On information and belief, Defendant also treated requested Covid-19 disability accommodations more favorably than similar requests based on objection to the use of fetal cell tissue, as well as favoring religious accommodation requests for reasons other than the Covid-19 vaccine, such as scheduling accommodations and/or dress and appearance issues.

63. On information and belief, Plaintiff's religious beliefs and objections to the Covid-19 vaccine were the substantial motivation for these adverse employment actions.

64. Defendants have unlawfully discriminated against Plaintiff by suspending them for the exercise of their religious beliefs.

65. Defendants' suspension of Plaintiff's employment was motivated by, and is the result of, the exercise of their sincerely held religious beliefs.

66. Defendants lacked any justification for the adverse employment action taken against Plaintiffs, as the mechanism they used to determine the sincerity of Plaintiff's religious beliefs were designed to allow them to reject those requests without any oversight; the questions were designed to be ambiguous enough that it would elicit a response they could use to justify rejection after-the-fact.

67. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

68. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

69. As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute their claims herein and have incurred and are expected to incur attorneys' fees and costs in connection therewith. Plaintiffs is entitled to recover attorneys' fees and costs under California Government Code

§12965(b).

70. Plaintiff is entitled to other such relief as this court deems appropriate.

## FIFTH CAUSE OF ACTION
### Religious Discrimination – Failure to Accommodate
### Cal. Gov't Code § 12940 (l)(1)

71. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

72. The California Fair Employment and Housing Act provides that it is unlawful for an employer to discriminate against or discharge a person from employment "because of a conflict between the person's religious belief or observance and any employment requirement." (Gov. Code § 12940, subd. (l)(1).

73. The statute further protects "all aspects of religious belief, observance, and practice." (Gov. Code § 12926, subd (q)).

74. An employer is required to "[explore] any available reasonable alternative means of accommodating the religious belief and observance, including the possibilities of excusing the person from those duties that conflict with the person's religious belief or observance or permitting those duties to be performed at another time or by another person . . ." Cal. Gov. Code. § 12940(l)(1).

75. As alleged herein, Plaintiff has a sincerely held religious beliefs that they should not receive the Covid-19 vaccine.

76. Plaintiff informed Defendants of their religious beliefs, putting Defendants on notice that their beliefs conflicted with the Defendants' vaccine mandate policy.

77. As alleged herein, Defendants failed and refused to explore any possible accommodation for Plaintiff, and refused even to discuss possible accommodation, violating its obligation to explore possible accommodation in good faith.

78. Defendants denied Plaintiff religious accommodation and threatened them with suspension and termination and harassing them to violate their religious beliefs.

79. Defendants' actions constitute adverse employment actions, as it is black letter law that "the threat of discharge" constitutes an adverse action, sufficient to establish a prima facie case. *See, e.g. EEOC v. Townley,* 859 F. 2d 614; *Opuku Boateng v.California,* 95 F. 3d 1461 (1996).

80. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

81. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

82. As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute their claims herein and have incurred and are expected to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

83. Plaintiff is entitled to other such relief as this court deems appropriate.

## SIXTH CAUSE OF ACTION
**Failure to Take All Reasonable Steps Necessary to Prevent Discrimination from Occurring**
**Government Code § 12940(k)**

84. Plaintiff incorporates by reference the paragraphs above.

85. It is unlawful under California Government Code section 12940(k) for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment based on an employee's religion, or that religion's creed, beliefs, practices, or observances.

86. Defendants designed a system to screen requests for vaccine exemptions that was arbitrary and capricious and ineffective at determining whether an applicant held a sincere religious objection. Defendants' approach was designed to elicit ambiguous

responses that would allow them to reject any request for religious accommodation without any oversight.

87. Defendants failed and refused to engage in a good faith interactive process whereby a management individual actually interviewed the applicant in an effort to comprehend the nature of the religious objection.

88. Instead, Defendants required Plaintiff to answer confusing questions calling for theological knowledge beyond their training and education.

89. Even after it was apparent that Plaintiff would not be bullied into receiving the vaccine, at o time did anyone in management sit each one down and seek to ascertain the substance of their religious objection, to determine whether they should be granted the accommodation, rather than subjected to coercive pressure to conform to the vaccine mandate.

90. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

91. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

92. As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute their claims herein and has incurred and is expected to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

93. Plaintiff is entitled to other such relief as this court deems appropriate.

## SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### By All Plaintiffs Against All Defendants

94. Plaintiff incorporates by reference the paragraphs above.

95. The conduct of Defendants, as set forth above, was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain.

96. Said conduct was intended to cause Plaintiff severe emotional distress or was done in conscious disregard of the probability of causing severe emotional distress. Said conduct was also in direct violation of California law and public policy.

97. As a proximate result of the wrongful conduct of Defendants, Plaintiff has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

98. As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, embarrassment, sever emotional distress, and mental anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff.

**PRAYER**

1. Lost wages;
2. Future earnings;
3. General damages;
4. Interest;
5. Attorneys' fees;
6. Costs;
7. Injunctive Relief;
8. Declaratory Relief; and
9. Other relief the court deems proper.

Date: October 17, 2023               FRONTIER LAW CENTER

                                                          */s/ Joseph Gross*
                                                          Joseph Gross
                                                          Attorneys for Plaintiff
                                                          VANESSA EPHRAIM